IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MY XUAN TRAN, *et al.*,

        Plaintiffs,          No. CIV 2:12-cv-0941-KJM-JFM (PS)

    vs.

BAC HOME LOANS SERVICING LP,
*et al.*,          ORDER AND

        Defendants.          FINDINGS & RECOMMENDATIONS

_____/

        This action was referred to the undersigned pursuant to Local Rule 302(c)(21). On April 24, 2012, defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

        Local Rule 230(c) provides that opposition to the granting of a motion must be filed fourteen days preceding the noticed hearing date. The Rule further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party." Id.

        Despite two opportunities to do so, plaintiff has not filed opposition to defendant's motion to dismiss. See Doc. No. 14. Plaintiff's failure to oppose should therefore be deemed a waiver of opposition to the granting of the motion.

/////

1

1      "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss
2  an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258,
3  1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a
4  court order the district court must weigh five factors including: '(1) the public's interest in
5  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
6  prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;
7  and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting
8  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46
9  F.3d 52, 53 (9th Cir. 1995).

10     In determining to recommend that this action be dismissed, the court has
11 considered the five factors set forth in Ferdik. Here, as in Ferdik, the first two factors strongly
12 support dismissal of this action. Plaintiff removed this action on April 11, 2012, yet has failed to
13 participate any further in this action. Defendant's motion to dismiss was filed nearly months
14 prior to the date of this order, and plaintiff has had more than sufficient time to file a response.
15 Plaintiff was advised of the requirement that he file an opposition and was informed that failure
16 to do so would result in a recommendation that this action be dismissed. Doc. No. 7. Plaintiff's
17 failure to comply with the Local Rules and the court's June 26, 2012 order suggests that he has
18 abandoned this action and that further time spent by the court thereon will consume scarce
19 judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.

20     The fifth factor also favors dismissal. The court has advised plaintiff of the
21 requirements under the Local Rules and granted ample additional time to oppose the pending
22 motion, all to no avail. The court finds no suitable alternative to dismissal of this action.

23     Under the circumstances of this case, the third factor, prejudice to defendants
24 from plaintiff's failure to oppose the motion, should be given little weight. Plaintiff's failure to
25 oppose the motion does not put defendants at any disadvantage in this action. See Ferdik, 963
26 F.2d at 1262. Indeed, defendants would only be "disadvantaged" by a decision by the court to

1  continue an action plaintiff has abandoned.  The fourth factor, public policy favoring disposition
2  of cases on their merits, weighs against dismissal of this action as a sanction.  However, for the
3  reasons set forth supra, the first, second, and fifth factors strongly support dismissal and the third
4  factor does not mitigate against it.  Under the circumstances of this case, those factors outweigh
5  the general public policy favoring disposition of cases on their merits.  See Ferdik, 963 F.2d at
6  1263.

Accordingly, IT IS HEREBY ORDERED that the hearing on defendant's motion to dismiss, set for July 26, 2012, is vacated; and

IT IS HEREBY RECOMMENDED that:

1. Defendant's April 24, 2012 motion to dismiss be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.   The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 25, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

/014;tran0941.46dm